| | |
|---|---|
| JACKIE BLUE, : <br>     **Plaintiff,** : <br> : <br> v. : <br> : <br> CEDARWOOD ASSOCIATES and : <br> XUE LIANG ZHENG, : <br> : <br>     **Defendants.** : <br> : <br> _____/ : | **COMPLAINT** <br> (Injunctive Relief Demanded) |

Plaintiff, JACKIE BLUE, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, CEDARWOOD ASSOCIATES and XUE LIANG ZHENG, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Defendants' property, Cedarwood Shopping Center, 1040 Lillington Highway, Spring Lake, NC 28390, and Jin Jin Restaurant, 1048 Lillington Highway, Spring Lake, NC 28390, a tenant of Cedarwood Shopping Center, is located in the County of Cumberland, herein after "the Property".

2. Venue is properly located in the EASTERN DISTRICT OF NORTH CAROLINA because venue lies in the judicial district of the property situs. The Property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff is a North Carolina resident, is sui juris, suffers from multiple sclerosis and qualifies as an individual with disabilities as defined by the ADA. Due to her disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility. Plaintiff has visited the Property and plans to return to the Property to avail herself of the goods and services offered to the public at the Property, and to determine whether the Property has been made ADA compliant. The Plaintiff suffered particularized and individualized harm, which affected her in a personal and individual way, caused by architectural barriers at the Property. The above constitute violations of the ADA, as set forth in more detail below.

5. Plaintiff is a resident of Fayetteville, North Carolina and has been for many years. Ms. Blue lives 10 miles from the Property. Ms. Blue has visited the Property periodically. Ms. Blue has an affinity for the Chinese food served by Jin Jin Restaurant. The Property is on Highway 210, which is a major thoroughfare that passes very near to Plaintiff's residence. Plaintiff frequently uses Highway 210, and passes by the Property, when she is traveling to areas north of her residence. Plaintiff intends to visit the Property in the future. Based on Plaintiff Blue's affinity for the products and services available at the Property, she intends to continue her pattern and practice of patronizing the Property.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Cedarwood Shopping Center, 1040 Lillington Highway, Spring Lake, NC 28390 and Jin Jin Restaurant, 1048 Lillington Highway, Spring Lake, NC 28390.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. JACKIE BLUE desires to visit Defendants' place of public accommodation not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff's visits to the Property have revealed that violations exist. These violations include, but are not limited to:

**Parking**

1.      The plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2.      Where posted, signage at some of the designated accessible parking spaces is not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

3.      The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4.      The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles were located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

5.      The required number of van accessible parking spaces is not provided in violation of Section 4.1.2(5b) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

1.      The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable. (See Exhibits A and B).

2.      The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3.      The plaintiff had difficulty on the path of travel at the facility, as there are ramps without compliant handrails, in violation of Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The plaintiff had difficulty using ramps, as they were located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**JIN JIN RESTAURANT**

**Access to Goods and Services**

1. The plaintiff could not use the sales counter as it was mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable. (See Exhibit C).

**Public Restrooms**

1. The plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 and Figure 25 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The plaintiff had difficulty using the restroom door without assistance as the door hardware required tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms with the counter surface mounted too high, in violation of the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

11. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts

5

violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Cedarwood Shopping Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted, this the 19th day of August, 2016.

*/s/ Christopher D. Lane*
Christopher D. Lane
NC State Bar No.: 20302
Attorney for Plaintiff

8

3802-A Clemmons Rd.
Clemmons, NC 27012
Telephone: 336-766-0229
Facsimile: 336-766-9145
chrislanelaw@gmail.com

# VERIFICATION OF COMPLAINT

Re: JACKIE BLUE v. Cedarwood Shopping Center, 1040 Lillington Highway, Spring Lake, NC 28390
Property: Cedarwood Shopping Center, 1022 to Lillington Highway, Spring Lake, NC 28390 and Jin Jin Restaurant 1048 Lillington Highway, Spring Lake, NC 28930

I hereby swear and affirm, under penalty of perjury, that I visited the property referenced above. I personally encountered barriers to access which discriminated against me by making access more difficult or impossible for me. I requested that a lawsuit be filed on my behalf to bring the property into compliance. I personally reviewed the Complaint and affirm that it truly and accurately describes my disability, visit to the property, and the barriers that are present at the facility. I authorize this action.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

_Jackie Blue_        8/10/16
JACKIE BLUE               Date